**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**KRISHUN MONTE WILLIAMS**                                        **PETITIONER**

**V.**                                                    **NO. 4:15-CV-153-DMB-JMV**

**MISSISSIPPI DEPARTMENT
OF CORRECTIONS, et al.**                                          **RESPONDENTS**


**MEMORANDUM OPINION AND ORDER**

Before the Court is Krishun Monte Williams' pro se petition for a writ of habeas corpus

under 28 U.S.C. § 2254; and Respondents' joint motion to dismiss with prejudice, to which Williams

responded in opposition.  Doc. #1; Doc. #7; Doc. #8.

**I
Factual and Procedural Background**

Williams is currently in the custody of the Mississippi Department of Corrections at the

Central Mississippi Correctional Facility in Rankin County, Mississippi.  Williams was convicted of

conspiracy, armed robbery, and capital murder in the Circuit Court of Grenada County, Mississippi.

Doc. #7 at Ex. 1.  On August 20, 1999, she was sentenced to serve consecutive terms of five years

(for conspiracy), life (for armed robbery), and life without parole (for capital murder).  *Id.*

Williams, through counsel, appealed her conviction to the Mississippi Supreme Court, which

affirmed her conviction on September 20, 2001.  *Williams v. State*, 794 So. 2d 1019 (Miss. 2001).

Williams did not seek certiorari to the United States Supreme Court.

On October 15, 2015, Williams filed this petition for writ of habeas corpus.  Doc. #1.  In her

petition, Williams challenges her detention pursuant to her 1999 Grenada County convictions.  *Id.* at

2.[1]  As grounds, Williams states:

| | |
|---|---|
| Ground One: | I am with the United States … |
| Ground Two: | Bankrupt Act of 1933[.]  Title 12 U.S.C. with emphasis … |
| Ground Three: | Utilize my exemption under Title 12 with emphasis[.]  I am with the United States …. |
| Ground Four: | Utilizes my exemption under Title 12 with emphasis and I am with the United States. See Amnesty Oath |

*Id.* at 6, 8–9, 11.  Williams attaches several documents to her petition, including one purporting to be an "AFFIDAVIT OF FACT," affirming that she is "with the United States will be attending court _in special appearance and will be acting in Propria Persona who will come in peace a non-belligerent, combative sentient Godly being," and a supposed "AMNESTY OATH." *Id.* (unnumbered at 17–18).

On April 7, 2016, Respondents moved to dismiss Williams' petition "with prejudice for failure to state a claim or, in the alternative, as untimely pursuant to 28 U.S.C. § 2244(d)."[2]  Doc. #7 at 7.  On April 18, 2016, Williams' response in opposition was docketed.  Doc #8.[3]  In her response, Williams filed eight rambling, unintelligible, and incoherent papers, totaling dozens of pages.  In one of her filings, Williams appears to suggest that in 1998, "Prosecutor and the Judge Send to these children; SEND A MESSAGE…."  Doc. #14 (internal quotation marks omitted).  Overall, however, Williams appears to claim that, until she took an "amnesty oath" on June 10, 2015, she was a mentally incompetent infant and that since her oath, the infant has died and she is now an adult of

---

[1] The page numbering of Williams' petition begins with "2."

[2] On February 18, 2016, Respondents were directed to submit an answer.  Doc. #5.  Rule 4 of the rules governing habeas proceedings provide for the district court to do so.  Rule 4, 28 U.S.C. foll. § 2254 ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.").  To the extent inconsistent with the statutory rules governing habeas proceedings, the Federal Rules of Civil Procedure do not apply.  Rule 12, 28 U.S.C. foll. § 2254; Fed. R. Civ. P. 81(a)(4), (4)(a).  Here, the Court's order to file an answer pursuant to Rule 4 "effectively removed the general applicability of Fed.R.Civ.P. 56 to this action." *Henley v. Quarterman*, No. 3:06-CV-0237-P, 2007 WL 2890372, at *2 n.4 (N.D. Tex. Sept. 28, 2007).  As such, "because the motion equates to an answer in all respects" other than its title, "the Court will simply construe the motion as respondent[s'] answer." *Id.*

[3] The response was stamped with an April 25, 2016, date of receipt.

sound mind who recently realized that she is in prison because she owes back taxes; she wishes to pay her back taxes so that she may be released.[4]  Doc. #13.  Respondents filed no reply.

**II**
**<u>Applicable Law</u>**

Williams seeks relief under 28 U.S.C. § 2254.  Doc. #1 at 2.  This statute provides:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition …."  Rule 4, 28 U.S.C. foll. § 2254.  In carrying out its screening function under Rule 4 of § 2254, the Court may raise the affirmative defense of a statute of limitations on its own, when such defense is plain from the face of the petition.  *Kiser v. Johnson*, 163 F.3d 326, 328–29 (5th Cir. 1999).

The statute of limitations set forth in 28 U.S.C. § 2244 (which applies to the filing of a petition under § 2254) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] In most of her seven submissions to the Court since her response, Williams appears to attempt in various ways to pay back taxes.  In two such submissions, she provides photocopies of a dollar bill and several coins.  Doc. #10; Doc. #11.  In another, she provides IRS Form 809, "Receipt for Payment of Taxes."  Doc. #15.  In yet another, she attaches what appears to be a monetary instrument.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

# III
## Analysis

First, Williams' petition is time barred. Williams admits in her petition that she filed no petition for writ of certiorari to the United States Supreme Court. Doc. #1 at 4. Having exhausted direct review at the Mississippi Supreme Court on September 20, 2001, and having abandoned further direct review by the United States Supreme Court, Williams' conviction became final approximately fifteen years before she filed her October 15, 2015, petition. Accordingly, her petition is time-barred unless she tolled the one-year time limit by "properly fil[ing]" an application for state collateral review as contemplated by § 2244(d)(2) on or before the deadline to seek direct review by the United States Supreme Court, unless the deadline is equitably tolled. *See, e.g.*, *Flanagan v. Johnson*, 154 F.3d 196, 201 n.1 (5th Cir. 1998) (applying 28 U.S.C. § 2244(d)(2), stating, "[A]ny time … between the time that [petitioner's] conviction became final and the time that [her] state application for habeas corpus was properly filed must be counted against the one year period of limitation.").

Williams admits in her petition that she filed no application for state collateral review of her convictions, which Respondents confirm. Doc. #1 at 7, 8, 10, 11; Doc. #7 at 5–6. As to equitable tolling, Williams states that she did not "exhaust … state remedies" for her Ground Three, or raise issues related to her Ground One and Ground Four in state collateral review, because she was "non compos mentis." Doc. #1 at 7, 10, 12. "Although mental illness may warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this

incompetence affected [her] ability to file a timely habeas petition[]." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013) (citing reported cases from sister circuits). Williams has alleged no facts to show that incompetence contributed to her failure to seek collateral review. This Court, therefore, will not equitably toll the one-year limit imposed by § 2244(d) based on mental incompetence and will dismiss Williams' petition as time barred. However, insofar as Williams' petition at least shows that she may possibly suffer from *present* mental incompetence, and Respondents have failed to respond to Williams' allegation of past mental incompetence, such dismissal will be without prejudice. *See Coons v. Kirwin*, No. 08-1926, 2008 WL 4845254, at *1 (D.N.J. Nov. 3, 2008) ("[T]his Court will dismiss the Complaint as time barred without prejudice to the filing of an amended complaint if Plaintiff believes … he can show that equitable tolling is warranted.").

Even if Williams' petition was not time barred, this Court must still deny it. Williams admits that she failed to exhaust state court remedies for all four of her asserted grounds. Doc. #1 at 7–11. Accordingly, this Court may not grant Williams' petition. *See* 28 U.S.C. § 2254(b)(1), (1) (A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State…."). Though unexhausted but meritless claims may be denied on their merits, to do so is "within the district court's discretion." *Neville v. Dretke*, 423 F.3d 474, 482 (5th Cir. 2005) (citing 28 U.S.C. § 2254(b)(2)). Generally, courts will dismiss unexhausted claims without prejudice unless defendants argued in their answer that the claims were procedurally defaulted. *See Clark v. Johnson*, No. 99-40083, 2001 WL 43561, at *1 (5th Cir. Jan. 10, 2001) (reversing and remanding district court's dismissal with prejudice of unexhausted petition with instruction to dismiss without prejudice); *Morace v. Cain*, No. 99-30033, 1999 WL 706167, at *1

(5th Cir. Aug. 20, 1999) (affirming dismissal without prejudice for failure to exhaust state remedies). *Cf. Chancellor v. Mississippi*, 129 F. App'x 878, 880 (5th Cir. 2005) (vacating and remanding without-prejudice dismissal with instruction to dismiss with prejudice where respondents "argued in their answer in district court that [the] … petition should be dismissed as procedurally defaulted"). Respondents do not argue that Williams' petition should be dismissed as procedurally defaulted. Therefore, this Court will deny Williams' petition without prejudice for the additional reason of failure to exhaust.

## IV
## Conclusion

For the reasons above, Williams' petition [1] is **DENIED without prejudice** as time barred and for failure to exhaust. A final judgment consistent with this memorandum opinion will issue.

**SO ORDERED**, this 18th day of November, 2016.

/s/ **Debra M. Brown**_____
**UNITED STATES DISTRICT JUDGE**