# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**KRISHUN MONTE WILLIAMS**                                           **PETITIONER**

**V.**                                            **NO. 4:15-CV-153-DMB-JMV**

**MISSISSIPPI DEPARTMENT
OF CORRECTIONS, et al.**                                    **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is Respondents' "Motion to Alter or Amend" under Rule 59(e) of the Federal Rules of Civil Procedure regarding the Court November 18, 2016, final judgment. Doc. #19.

## I
### Background and Procedural History

Krishun Monte Williams is currently in the custody of the Mississippi Department of Corrections at the Central Mississippi Correctional Facility in Rankin County, Mississippi. Williams was convicted of conspiracy, armed robbery, and capital murder in the Circuit Court of Grenada County, Mississippi. Doc. #7 at Ex. 1. On August 20, 1999, she was sentenced to serve consecutive terms of five years (for conspiracy), life (for armed robbery), and life without parole (for capital murder). *Id.* at 4.

Williams, through counsel, appealed her conviction to the Mississippi Supreme Court, which affirmed her conviction on September 20, 2001. *Williams v. State*, 794 So. 2d 1019 (Miss. 2001). Williams did not seek certiorari to the United States Supreme Court.

On October 15, 2015, Williams filed a petition for writ of habeas corpus. Doc. #1. In her petition, Williams challenged her detention pursuant to her 1999 Grenada County convictions. *Id.* at 2.[1] As grounds, Williams stated:

---
[1] The page numbering of Williams' petition begins with "2."

| | |
|---|---|
| Ground One: | I am with the United States … |
| Ground Two: | Bankrupt Act of 1933[.] Title 12 U.S.C. with emphasis … |
| Ground Three: | Utilize my exemption under Title 12 with emphasis[.] I am with the United States …. |
| Ground Four: | Utilizes my exemption under Title 12 with emphasis and I am with the United States. See Amnesty Oath …. |

*Id.* at 6, 8–9, 11. Williams attached several documents to her petition, including one purporting to be an "AFFIDAVIT OF FACT" stating that she is "with the United States will be attending court _in special appearance and will be acting in Propria Persona who will come in peace a non-belligerent, combative sentient Godly being," and an "AMNESTY OATH." *Id.* at 17, 18.

On February 18, 2016, United States Magistrate Judge Jane M. Virden ordered service of Williams' petition on Respondents. Doc. #5. Also in her order, Judge Virden ordered Respondents to "file [their] answer to this action, [and,] **along with [their] answer, full and complete transcripts of all proceedings** in the state courts of Mississippi arising from the charge of aggravated assault, murder, and two counts of armed robbery against the petitioner" no later than May 2, 2016." *Id*. The same day, Respondents acknowledged service of both Williams' petition and Judge Virden's order. Doc. #6.

On April 7, 2016, Respondents moved to dismiss Williams' petition "with prejudice for failure to state a claim or, in the alternative, as untimely pursuant to 28 U.S.C. § 2244(d)."[2] Doc. #7 at 7. Williams' response in opposition was docketed as of April 18, 2016. Doc #8.[3] In her response,

---

[2] Under Rule 4 of the rules governing habeas proceedings, a district court must dismiss the petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254 (2015) ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."). To the extent the Federal Rules of Civil Procedure are inconsistent with the statutory rules governing habeas proceedings, the Rules do not apply. Rule 12, 28 U.S.C. foll. § 2254; Fed. R. Civ. P. 81(a)(4), (4)(a). Here, the Court's order to file an answer pursuant to Rule 4 "effectively removed the general applicability of Fed.R.Civ.P. 56 to this action." *Henley v. Quarterman*, No. 3:06-CV-0237-P, 2007 WL 2890372, at *2 n.4 (N.D. Tex. Sept. 28, 2007). Accordingly, the Court construed Respondents' motion as their answer. *See id.* ("[B]ecause the motion equates to an answer in all respects" other than its title, "the Court … simply construe[s] the motion as respondent[s'] answer.").

[3] The response was received in Judge Virden's chambers on April 18, 2016, and by the Clerk of the Court's office on

Williams filed eight rambling, unintelligible, and incoherent papers, totaling dozens of pages. In one of her filings, Williams appears to suggest that in 1998, "Prosecutor and the Judge Send [sic] to these children; 'SEND A MESSAGE.'" Doc. #14. Overall, however, Williams appears to claim that, until she took an "amnesty oath" on June 10, 2015, she was a mentally incompetent infant and that since her oath, the infant has died and she is now an adult of sound mind who recently realized that she is in prison because she owes back taxes; she wishes to pay her back taxes so that she may be released.[4] Doc. #13. Respondents filed no reply.

On November 18, 2016, this Court issued a memorandum opinion and order, along with a final judgment, dismissing Williams' petition as unexhausted and time barred.[5] Doc. #16, 17. Noting that "Williams states that she did not 'exhaust … state remedies' for her Ground Three, or raise issues related to her Ground One and Ground Four in state collateral review, because she was 'non compos mentis,'" the Court held further that "insofar as Williams' petition at least shows that she may possibly suffer from *present* mental incompetence, and Respondents have failed to respond to Williams' allegation of past mental incompetence, such dismissal will be without prejudice." *Id.* at 4, 5.

On December 9, 2016, Respondents filed the instant motion, asking the Court to "alter or amend its judgment to dismiss Williams' petition **with** prejudice to correct what respondents submit is an error of law …." Doc. #19 at 2. Williams filed no response and the time to do so has expired.

---

April 25, 2016.

[4] In most of her seven submissions to the Court since her response, Williams appears to attempt in various ways to pay back taxes. In two such submissions, she provides photocopies of a dollar bill and several coins. Doc. #10; Doc. #11. In another, she provides IRS Form 809, "Receipt for Payment of Taxes." Doc. #15. In yet another, she attaches what appears to be a monetary instrument.

[5] A certificate of appealability was denied. Doc. #18.

3

**II**
**Applicable Law**

A motion under Rule 59(e) is timely where, as here, it is filed within twenty-eight days of entry of final judgment. Fed. R. Civ. P. 59(e). A motion to alter or amend judgment under Rule 59(e) may be granted only if there is: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). But, a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *In re Deepwater Horizon*, 785 F.3d 986, 992 (5th Cir. 2015) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Stark v. Univ. of S. Miss.*, 8 F. Supp. 3d 825, 844 (S.D. Miss. 2014) (quoting *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000)).

**III**
**Analysis**

In their motion:

> Respondents respectfully request that this Court alter or amend the judgment to reflect that the instant petition be dismissed with prejudice for failure to raise a cognizable issue, or, in the alternative, with prejudice as untimely pursuant to 28 U.S.C. § 2244(d) or, alternatively, with prejudice as procedurally defaulted.

Doc. #19 at 11.

Upon review of the relevant law, the Court concludes that Williams failed to establish facts which would warrant equitable tolling and that, therefore, her petition was filed approximately thirteen years late. Under these circumstances, dismissal with prejudice is, and was, the proper course. *See, e.g., Collom v. Mississippi*, No. 3:12-cv-718, 2013 WL 1818467, at *2 (S.D. Miss. Apr.

11, 2013) ("In the absence of any evidence warranting statutory or equitable tolling, Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed with prejudice."). Therefore, the motion to amend [19] is **GRANTED**.[6] This Court's memorandum opinion [16] and final judgment [17] are **MODIFIED** such that Williams' petition will be **DISMISSED with prejudice** as time barred under the AEDPA.

**SO ORDERED**, this 12th day of May, 2017.

/s/ Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**

---

[6] Having found that the action should be dismissed as time barred, the Court declines to consider Respondents' alternative requests.